**Irma Cruz CARRILLO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73834.

Agency No. A70–817–674.

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2004.*

Decided April 23, 2004.

Irma Cruz Carrillo, Los Angeles, CA, pro se.

Regional Counsel, Western Region, Laguna Niguel, CA, CAC–District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Terri J. Scadron, Anthony W. Norwood, U.S. Department of Justice, Washington, DC, for Respondent.

Before HALL, O'SCANNLAIN, and RYMER, Circuit Judges.

MEMORANDUM**

Irma Cruz Carrillo, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252(b). We review for substantial evidence and will reverse the BIA's determination only if the petitioner shows that the evidence compels such a result. *Sangha v. INS,* 103 F.3d 1482, 1487 (9th Cir.1997). We deny the petition.

The veiled threats and the anonymous letter Cruz Carrillo received did not amount to persecution because they were not "so menacing as to cause significant actual suffering or harm." *Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000) (holding that threats standing alone generally do not constitute past persecution) (internal quotations omitted); *see also Nagoulko v. INS,* 333 F.3d 1012, 1016–17 (9th Cir.2003)

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

(concluding that verbal threats and harassment in the absence of any physical violence or harm did not amount to persecution).

Further, even if such threats alone amounted to persecution, there is nothing in the record which indicates such persecution was on account of Cruz Carrillo's political opinion. *Cf. Sangha,* 103 F.3d at 1487–90 (9th Cir.1997) (denying petition for review because petitioner failed to establish that he had a political opinion or that his persecutors imputed his father's opinion to him).

By failing to qualify for asylum, Cruz Carrillo necessarily fails to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003). As well, Cruz Carrillo is not entitled to CAT relief because she did not demonstrate that it is more likely than not that she would be tortured if returned to Guatemala. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir. 2003).

Finally, to the extent that Cruz Carrillo contends that the BIA's streamlining regulations violate her right to due process, her contention is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849–51 (9th Cir.2003) (holding that the BIA's streamlining procedure does not violate an alien's due process rights).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.